UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD COLEMAN,

        Petitioner,

v.                                   CASE NO. 2:09-CV-11519
                                     HONORABLE STEPHEN J. MURPHY, III

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT
PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS**

I.     Introduction

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Clifford Coleman, a state prisoner confined at the E.C. Brooks Correctional Facility in Ionia, Michigan, asserts that he is being held in violation of his constitutional rights. Coleman was convicted of armed robbery and assault with intent to commit great bodily harm less than murder following a bench trial in the Wayne County Circuit Court, and was sentenced as a habitual offender to concurrent terms of 30 to 60 years of imprisonment on September 5, 1991 (Case No. 91-04153). He was also convicted of unarmed robbery following a jury trial in the Wayne County Circuit Court and sentenced as a habitual offender to 30 to 60 years' imprisonment on September 18, 1991 (Case No. 91-3737). In his petition, Coleman challenges his habitual offender sentencing enhancement for those convictions. For the reasons stated, the Court concludes that Coleman has not exhausted his state court

1

remedies and dismisses without prejudice the petition for writ of habeas corpus.

II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  In other words, a Michigan prisoner must first present to the state courts each issue he seeks to raise in a federal habeas proceeding.  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Coleman has not met his burden of demonstrating exhaustion of state court remedies.  He admits that he has "never attacked" his sentence for the reasons set forth in his current petition.  He has thus failed to exhaust his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.

Coleman has available remedies in the Michigan courts which must be exhausted before proceeding in federal court.  For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary.  Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d).  If this Court were to review Coleman's unexhausted issues, such an action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon Coleman's claims before he litigates those claims in this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.    Conclusion

For the reasons stated, the Court concludes that Coleman has not exhausted his state court remedies as to the claims contained in his petition.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  The Court makes no determination as to the merits of the petition.[1]

**IT IS SO ORDERED.**


s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated:  July 28, 2009

---

[1] The Court does note, however, that to the extent the petition challenges Coleman's 1991 sentences, it is successive to his 1997 habeas cases concerning those convictions, which were dismissed as untimely.  See Coleman v. Abramajtys, Nos. 97-CV-76292, 97-CV-74733 (E.D. Mich. April 22, 1998) (Duggan, J. adopting magistrate judge's report).  Coleman must obtain authorization from the United States Court of Appeals for the Sixth Circuit before proceeding in this Court on a second habeas petition challenging his 1991 convictions or sentences.  See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998).

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 28, 2009, by electronic and/or ordinary mail.

                              s/Alissa Greer
                              Case Manager